# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN RICHARD PIERRE, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY REGIONAL MEDICAL CENTER f/k/a FRESNO COMMUNITY HOSPITAL AND MEDICAL CENTER,<br><br>Defendant. | Case No. 1:25-cv-00322-KES-SKO<br><br>**ORDER VACATING HEARING AND GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>(Doc. 14) |

Presently before the Court is the motion of Defendant Fresno Community Hospital and Medical Center (the "Hospital") (erroneously named as Community Regional Medical Center f/k/a Fresno Community Hospital and Medical Center) to set aside the Clerk's entry of default, filed June 9, 2025.[1]  (Doc. 14.)  On June 23. 2025, Plaintiff Jean Richard Pierre filed an opposition to the motion. (Doc. 18.)  The Hospital replied on July 3, 2025.  (Doc. 19.)

The Court finds the motion suitable for determination on the papers submitted and without oral argument.  *See* E.D. Cal. Local Rule 230(g).  Accordingly, the hearing set for July 16, 2025, will be vacated.  For the reasons set forth below, the motion to set aside the Clerk's entry of default

---

[1] The Hospital's motion is styled as one to set aside default judgment under Fed. R. Civ. P. 60.  As there has been no default judgment entered in this case, the Court construes the Hospital's request as one to set aside entry of default under Fed. R. Civ. P. 55.  As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment.  *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *accord Symantec Corp. v. Global Impact, Inc*., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).

against the Hospital will be granted.

## I.  BACKGROUND

On March 17, 2025, Plaintiff filed this putative class and collective action against the Hospital for alleged violations of the Fair Labor Standards Act, and California's Labor Code and unfair competition laws. (Doc. 1.) Plaintiff alleges in his complaint that the Hospital misclassified him and all other similarly situated nursing staff as independent contractors and failed to provide them, as employees, with (1) pay for all overtime worked; (2) proper meal and rest breaks; (3) complete and accurate wage statements; and (4) all pay owed at the time of termination. (*See id*.)

According to the proof of service, on March 20, 2025, service on the Hospital was made on its agent, Paralegal Christina Torres. (Doc. 5.) The Hospital claims Ms. Torres "inadvertently neglected to calendar the deadline to respond to the Complaint" (Doc. 14-1 at ¶3), and the Hospital did not file a responsive pleading within the time allotted by law. On April 30, 2025, Plaintiff requested that the Clerk of Court enter default against the Hospital (Doc. 7), which was entered that same day (Doc. 8).

The Hospital learned of the entry of default on May 1, 2025, when in-house counsel Jeannette Albo checked on the status of the case via PACER. (Doc. 14-1 ¶ 4.) Ms. Albo sent Plaintiff's counsel, William Hogg, an email on that same date and inquired whether he would agree to "withdraw [the default] or request it be set aside," as "[o]ur staff dropped the ball after the Complaint was served and we accidentally blew the deadline to respond." (*Id*. ¶¶ 5–6 and Ex. C. *See also* Doc. 18-3.) Mr. Hogg responded on May 2, 2025, that he would agree to set aside the default "under the condition[s] that (i) we stipulate to a date certain for [the Hospital] to file an answer; (ii) [the Hospital] not file a motion to dismiss or other challenge to the pleadings; and (iii) [the Hospital] does not try to compel any claims to arbitration." (*Id*. ¶7 and Ex. D. *See also* Doc. 18-3.)

Ms. Albo and Mr. Hogg further met and conferred regarding the Hospital's request to set aside the default on May 2, 5, and 9, 2025, but no agreement was reached  (Doc. 14-1 ¶ 8–9 and Exs. E & F. *See also* Doc. 18-3.) On May 19, 2025, after resolving a potential third-party conflicts issue, the Hospital retained the law firm of Seyfarth Shaw LLP ("Seyfarth Shaw") to represent it in

this matter.[2] (Doc. 14-1 ¶ 10; Doc. 14-2 ¶ 6.; Doc. 19-1 ¶¶ 3–6.) Ashley Stein of Seyfarth Shaw contacted Mr. Hogg on May 28, 2025, to inform him of her firm's retention by the Hospital and to again request that he agree to set aside entry of default. (Doc. 14-2 ¶ 8.) Mr. Hogg reiterated that he would only agree subject to the conditions previously communicated to Ms. Albo. (*Id*.) Ms. Stein declined, and informed Mr. Hogg that the Hospital would be filing a motion to set aside. (*Id*. ¶¶ 8–9 and Ex. B.) On June 9, 2025, the Hospital filed the present motion.

## II.   DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55(a) provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." The party seeking relief from the entry of default bears the burden of showing good cause to set aside the entry of default. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc*., 375 F.3d 922, 926 (9th Cir. 2004). A court considers three factors in determining whether good cause exists: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party."[3] *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereafter, "*Mesle*") (modification in original) (quoting *Franchise Holding II, LLC*, 375 F.3d at 925–26).

---

[2] At the time of retention, Seyfarth Shaw was also representing Defendant in a "related case with overlapping allegations" filed by Mr. Hogg in this Court. (Doc. 14-2 ¶ 3 (citing *Lea Deneus-Coley v. Fresno Community Hospital and Medical Center d/b/a Clovis Community Medical Center*, Case No. 1:25-cv-00306-JLT-HBK (filed March 12, 2025).) The Court takes judicial notice of this action (Doc. 19-2) but expresses no opinion on its merits. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see also* Fed R. Evid. 201.

[3] This standard is the same as is used to determine whether a default judgment should be set aside under Rule 60(b). *See Mesle*, 615 F.3d at 1091.

Under this disjunctively framed standard, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091; *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111 (9th Cir. 2011). However, a court may within its discretion grant relief from default notwithstanding a finding that one of the "good cause" factors to be true. *See, e.g., Brandt*, 653 F.3d at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, ***but need not***.") (emphasis added). "The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). The factors are more liberally applied with respect to a request to set aside the entry of default, because "there is no interest in the finality of the judgment with which to contend." *Mesle*, 615 F.3d at 1091 n.1.

Additionally, the Ninth Circuit has emphasized that resolution of a motion to set aside the entry of default is necessarily informed by the well-established policies favoring resolution of cases on their merits and generally disfavoring default judgments. *See Mesle*, 615 F.3d at 1091 ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits") (citations and quotation marks omitted); *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible"). Moreover, the Ninth Circuit's "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Mesle*, 615 F.3d at 1089.

With the above principles in mind, the Court proceeds to consider the Hospital's request to set aside the Clerk's entry of default.

**B.     Analysis**

**1.     Culpable Conduct**

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and ***intentionally*** failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original), *overruled on other grounds by Egelhoff v.*

4

*Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The Ninth Circuit defined "intentional" as "willful, deliberate, or evidence of bad faith." *Id*. (citing *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co*., 92 F.3d 57, 61 (2d Cir. 1996)). "[T]o treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Mesle,* 615 F.3d at 1092 (quoting *TCI Group*, 244 F.3d at 697). Typically, a court finds a movant's conduct culpable for the purposes of the [good cause] factors when the movant offers "no explanation . . . inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*.

However, another line of cases, on which Plaintiff relies, suggests that a movant's conduct is culpable without a showing of intentionality (Doc. 18 at 11–12). *See Franchise Holding II*, 375 F.3d at 926 (finding culpability simply when the movant has "received actual or constructive notice of the filing of the action and failed to answer"); *see also Mesle*, 615 F.3d at 1093. To reconcile the seemingly inconsistent holdings of *Franchise Holding II* and *TCI Group*, the Ninth Circuit in *Mesle* recognized that not requiring intentionality "is not the ordinary standard for Rule 55(c)" and courts have only denied relief when the movant is legally sophisticated. *Id*. The court reasoned that "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Id.; see Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 690 (9th Cir. 1988) (refusing to vacate default judgment because the defendant was a lawyer who "presumably was well aware of the dangers of ignoring service of process").

Here, Plaintiff argues that the presumption of culpability should apply because the Hospital is legally sophisticated, and Seyfarth Shaw had knowledge of the lawsuit as early as March 17, 2025. (Doc. 18 at 12–13.) But the Hospital did not retain Seyfarth Shaw in this case until May 19, 2025 (*see* Doc. 14-1 ¶ 10; Doc. 14-2 ¶ 6)—after default had already been entered—and the Court declines Plaintiff's invitation to find the existence of an "implied" attorney-client relationship before that date. Although the Court recognizes its discretion to assume culpability solely based on the Hospital's failure to answer, it will not do so considering the policy to decide cases on the merits, and instead considers whether the Hospital acted intentionally. *See, e.g., Garner v. Wells Fargo*

*Home Mortg., Inc.,* No. 1:10–CV–266, 2011 WL 2413841, at *3 (D. Idaho June 9, 2011) (favoring the policy to decide cases on the merits while declining to assume Wells Fargo's culpability based solely on its failure to answer even though Wells Fargo is a legally sophisticated entity).

The Court finds that Hospital did not intentionally fail to respond to the complaint. There is no evidence that the Hospital acted in bad faith with the intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process. *See Mesle*, 615 F.3d at 1092. The inadvertent calendaring omission and the inability to retain outside counsel until a potential third-party conflict was resolved (*see* Doc. 14-1 ¶¶ 3, 5–6, 10 and Ex. C) do not constitute actions of bad faith.[4] *See, e.g., Neev v. Abbott Med. Optics Inc.*, No. SACV 15-01992 JVS(JCGx), 2017 WL 11628868, at *3 (C.D. Cal. Apr. 3, 2017) ("The logistical issues that resulted in the calendaring error – including the acquisition of Shaub and Williams and the transitions amongst the paralegal staff and the attorneys – do not constitute actions of bad faith."). Rather, the Hospital's failure to answer resulted from excusable neglect and not from an attempt to manipulate the legal process or take advantage of Plaintiff (or his counsel, with whom the Hospital's counsel appear to share a collegial working relationship, *see, e.g.*, Doc. 14-1 Ex B; Doc. 14-2 Ex. A). *See Calleja v. Cannon*, No. CV-15-01120-PHX-NVW, 2015 WL 13574284, at *1 (D. Ariz. Nov. 25, 2015) ("calendaring error" constitutes "excusable neglect"); *Howard v. City of Ridgecrest*, No. 1:12-CV-01232 AWI, 2012 WL 4862352, at *2 (E.D. Cal. Oct. 11, 2012) (same). *See also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) (stating that excusable neglect encompasses the failure to comply with a filing deadline because of negligence).

Finally, the Hospital immediately sought agreement from Plaintiff to set aside the default after learning about its entry and filed the instant motion eight court days after it was clear the parties were at an impasse on May 28, 2025.[5] (*See* Doc. 14-1 ¶¶ 5–9, 8–9 and Exs. C, E & F; Doc. 14-2 ¶¶

---

[4] The Court rejects Plaintiff's suggestion that "[a]ny potential conflict would have been the same between *Deneus-Coley* and this case, and such potential conflict would have already been resolved by the time Seyfarth Shaw was retained to represent [the Hospital] in the *Deneus-Coley* matter." (Doc. 18 at 13.) As set forth in the Hospital's reply briefing, while the conflict involved the same third party as in *Deneus-Coley*, a "separate conflict waiver" with that party was "required" for the Hospital to engage Seyfarth Shaw in the instant matter. (Doc. 19-1 ¶¶ 4–5.)

[5] Even were the Court to adopt Plaintiff's version of events (*see* Doc. 18 at 15), it cannot conclude based on this record that a one-month delay was willful, deliberate or in bad faith. *See Laurino*, 279 F.3d at 753 (holding that delay caused by the party's efforts to retain new counsel was not culpable conduct, thus reversing district court's denial of motion to set aside order of dismissal under Rule 60(b)); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (even

8–9 and Ex. B.) "Such diligence is wholly inconsistent with a finding that any delay was willful, deliberate or in bad faith." *Black v. Stafford*, No. CIV. S-10-567 FCD, 2011 WL 3925066, at *3 (E.D. Cal. Sept. 7, 2011) (citing *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)). *See also J & J Sports Prods., Inc. v. Aranda*, No. 1:12-CV-1508-AWI-BAM, 2013 WL 3773865, at *4 (E.D. Cal. July 17, 2013) ("Defendant's diligence in seeking to set aside the entry of default immediately after appearing in court reveals no disrespect for the courts."); *Williams v. Dawley*, No. 08–799 FCD-EFB, 2008 WL 3540360 *2 (E.D. Cal. Aug.12, 2008) (holding parties' diligence in working to set aside default supported a finding of good cause).

Because the record is devoid of any evidence that the Hospital acted culpably, the first factor weighs in favor of finding good cause to set aside the entry of default.

### 2. Meritorious Defense

Regarding whether a defaulting defendant has a meritorious defense, the Ninth Circuit Court of Appeals has stated that, at least in the context of relief from the entry of a default judgment, the defaulting defendant must "present the district court with specific facts that would constitute a defense." *Franchise Holding II*, 375 F.3d at 926. This burden is not "extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700). In fact, it is "minimal." *Id*. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" *Id*. (citing *TCI Group*, 244 F.3d at 700).

Here, the Hospital contends it can establish potential defenses to this action, including that Plaintiff's claims are subject to an arbitration agreement with a third party that the Hospital may enforce as a third-party beneficiary under the doctrine of equitable estoppel. (*See* Doc. 14 at 7–8.) Attached to the Hospital's motion is a copy of the purported arbitration agreement. (Doc 14-1 ¶ 11 and Ex. G.) In response, Plaintiff asserts that the Hospital's defense is "conclusory" because it fails

---

though reasons for failing to timely respond were weak, the delay was not the result of "deviousness or willfulness" and thus, culpable conduct did not cause delay); *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984) (declining to find five-month delay in moving to set aside default culpable in light of the defendant's difficulty in obtaining assistance from legal services).

to "show how [the Hospital] would be allowed to rely on that purported third-party agreement."[6] (Doc. 18 at 20–21.) This argument, however, goes to the merits of the defense, which is best resolved through litigation. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) (noting any doubt "should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits"). The Court finds that the Hospital has presented the Court "with specific facts that would constitute a defense" in this case (*see* Doc. 14 at 7–8; Doc 14-1 ¶ 11 and Ex. G) and has therefore met its "minimal" burden under the "meritorious defense" prong. *See Whitmore v. Universal Am. Mortg. Co. LLC*, No. CV-14-01299-PHX-DGC, 2014 WL 5431203, at *3 (D. Ariz. Oct. 27, 2014) (finding an allegation of an applicable arbitration agreement sufficient to meet the meritorious defense factor).

### 3. Prejudice

"To be prejudicial, the setting aside of a judgment [or clerk's entry of default] must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095. A delay "must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" for the setting aside of default to be prejudicial to the plaintiff. *TCI Group*, 244 F.3d at 701. Here, there is no demonstration of prejudice beyond mere delay. No dates have been set in this case, as the Initial Scheduling Conference is currently set for August 14, 2025. (Doc. 9.)

Other than conclusory assertions, Plaintiff does not identify any "critical evidence" that would be "likely los[t]." (Doc. 18 at 22.) Plaintiff contends that the Hospital's failure to appear prevents members of the putative class from joining the collective action in order to toll their FLSA claims, but the record belies this contention. (*See, e.g.*, Doc. 6 ("Notice of Filing Consent to Join Collective Action Pursuant to 29 U.S.C. § 216(b)").) Moreover, had there been no entry of default, Plaintiff would have had to address this concern in response to any effort by the Hospital to compel arbitration of Plaintiff's claims. And, as Plaintiff concedes, this claimed prejudice "could be

---

[6] Plaintiff also attacks the Hospital's affirmative defenses as pleaded in its proposed answer (Doc. 18 at 15–19), but there is no requirement that a proposed answer set forth a meritorious defense. *Huerta v. Akima Facilities Mgmt.*, LLC, No. 16-CV-00434-KAW, 2017 WL 783686, at *4 (N.D. Cal. Mar. 1, 2017). "More persuasive" are decisions by courts in this Circuit, "which have found the defendant's burden satisfied by allegations of facts contained in the briefing itself." *Id*. (collecting cases).

alleviated through [a] tolling" agreement between the parties (Doc. 18 at 17–18). *See, e.g., Droesch v. Wells Fargo Bank, N.A.*, No. 20-CV-06751-JSC, 2021 WL 2805604, at *1–3 (N.D. Cal. July 6, 2021) (directing the parties to "meet and confer regarding whether notice should be sent to the remainder of the class in the interim or whether a tolling agreement can be reached so that the appropriate class members are not prejudiced by any delay in notice" while the Court adjudicates whether "employees signed valid and enforceable arbitration agreements."). An entry of default acts as a "windfall," and setting aside that default "merely restores the parties to an even footing in the litigation." *TCI Group*, 244 F.3d at 701. On this record, the Court cannot conclude that setting aside entry of default would result in tangible prejudice to Plaintiff.

### III. CONCLUSION AND ORDER

In sum, the Hospital's lack of culpability, its articulation of facts that would constitute a defense to Plaintiff's claims, and the lack of prejudice to Plaintiff all weigh in favor of setting aside the entry of default. Based on those factors and the general preference for resolving cases on their merits, the Court concludes that good cause exists to set aside the Clerk's entry of default against the Hospital.

Accordingly, it is HEREBY ORDERED that:

1. The hearing set for July 16, 2025, is hereby VACATED;
2. Defendant Fresno Community Hospital and Medical Center's (erroneously named as Community Regional Medical Center f/k/a Fresno Community Hospital and Medical Center) motion to set aside the Clerk's entry of default (Doc. 14) is GRANTED and the entry of default against it (Doc. 8) is SET ASIDE; and
3. Defendant's answer lodged on June 9, 2025 (Doc. 13) is deemed FILED as of the date of this Order.

IT IS SO ORDERED.

Dated:   **July 9, 2025**                         /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE

9